# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GRENVILLE STRATEGIC ROYALTY CORPORATION, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:17-cv-00810 |
| -v- | ) |
| | ) Hon. Marvin E. Aspen |
| BESH HOLDING CORPORATION; | ) |
| WESTLAKE FINANCIAL GROUP, INC.; | ) Magistrate Judge Young B. Kim |
| SAVEUP, INC.; PAUL J. BURT: BESH REALTY | ) |
| PARTNERS, LLC; and THE BURT | ) |
| COLLECTION, LLC, | ) |
| | ) |
| Defendants. | ) |

## CITATION RESPONDENTS' MOTION TO QUASH SUPPLEMENTARY PROCEEDINGS

Citation Respondents Westlake Financial Group, Inc. ("Westlake"), Paul J. Burt individually ("Burt"), and WL Benefits, LLC ("WL Benefits"), through their attorneys Jeffrey Strange & Associates, move to quash[1] and terminate pending supplementary proceedings, including, but not limited to citations to discover assets issued September 19, 2019, and in support thereof states as follows:

### I. The Absence of a Rule 54(b) Certification Renders the May 20, 2019 Judgment Nonfinal and Unenforceable.

1. Rule 69 of the Federal Rules of Civil Procedure provides in pertinent part, that supplemental proceedings to enforce a judgment are to be made in accordance with the practice and procedure of the state which the district court resides. Fed.R.Civ.P. 69(a); *International Insurance Company v. Caja Nacional De Ahorro & Seguro*, 2001 WL 1516730,* 3 . In Illinois, a judgment

---

[1] Pursuant to the Court's April 27, 2020 Order, Citation Respondents were to respond to Plaintiff's motion for rule to show cause on or before May 25, 2020. Citation Respondents' motion to quash supplementary proceedings serves as a response to Grenville's motion for rule to show cause.

creditor may prosecute supplementary proceedings to discover assets and compel application of non-exempt assets or income toward the judgment. 735 ILCS 5/2-1402(a). The judgment becomes a lien when the citation is served in accordance with the statute 735 ILCS 5/2-1402(m).

2.      Supplemental proceedings under § 2-1402 are not available to creditors "until after judgment capable of enforcement has first been entered in their favor." *Marble Emporium, Inc. v. Vuksanovic*, 339 Ill.App.3d 84 (1ˢᵗ Dist. 2003); see also Ill. Sup.Ct. R. 277(a) ("A supplemental proceeding authorized by section 2-1402 of the Code of Civil Procedure may be commenced at any time with respect to a judgment which is subject to enforcement."); 735 ILCS 5/2-1402(a).

3.      Under Illinois Supreme Court Rule 304(a), "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more *but fewer than all of the parties or claims* only if the trial court has made an *express written finding that there is no just reason for delaying either enforcement or appeal or both*…In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the  parties *is not enforceable or appealable* and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (emphasis added.). 155 Ill.2d R. 304(a).

4.       Likewise, pursuant to Federal Rule of Civil Procedure 54(b), courts "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  "When one or more of the claims in a litigation remain pending in the district court, any 'judgment' is nonfinal unless

the district court enters a Rule 54(b) judgment." *Alonzi v. Budget Const. Co.*, 55 F.3d 331, 333 (7th Cir. 1995). A final disposition of one claim in a multi-count complaint is not final within meaning of 28 U.S.C. § 1291 which provides that only final judgments may be appealed unless the district court certifies it for direct appeal. *Ohio-Sealy Mattress Mfg. Co. v. Duncan*, 714 F.2d 740 (7th Cir. 1983); 28 U.S.C . § 1291.

5.      In the case at bar, Grenville filed a five-count complaint against BESH Holding Corporation ("BESH") Westlake Financial Group, Inc. ("Westlake"); and SaveUp Inc. ("SaveUp"), for breach of contract and breach of indemnity (Counts I & II); against Westlake and SaveUp for breach of guaranty (Count III); against BESH, WestLake and Save-Up for an accounting (Count IV); and against BESH Realty Partners, LLC ("BESH Realty") and The Burt Collection ("Burt Collection") for unjust enrichment. (Compl. (Dkt. No. 1)); See Findings of Facts and Conclusions of Law, Dkt. No. 51). [2]

6.      All named defendants counterclaimed against Grenville for fraudulent inducement (Count I), breach of contract (Count II), breach of covenant of good faith and fair dealing (Count III) and rescission (Count IV). (Dkt. No. 15, Defs.' Ans. and Countercl.); (Dkt. No. 18, Grenville's Ans. to Countercl.)

7.      On May 20, 2019, after a bench trial, the trial Court issued its Findings of Fact and Conclusions of Law finding defendants BESH and Westlake

---

[2] SaveUp filed for Chapter 7 bankruptcy protection, and therefore, pursuant to 11 U.S.C. §362(a), all actions against SaveUp were stayed but continue to pend. (See Dkt. No. 45 at 1, ¶3.). Grenville abandoned Count IV, for an accounting, before trial. (See Dkt. No. 42 at 4). At trial, Grenville also voluntarily dismissed all counts against Paul J. Burt, who was president of BESH and had been named as an individual defendant. (See also FFCL, Dkt. No. 51, p. 2, fn. 2). However, no order dismissing Paul J. Burt was entered by the court.

liable to Grenville in the amount of $1,961,083.00. (FFCL, Dkt. No. 51, pp. 2, 9). A separate "Judgment In A Civil Case" ("Judgment Order") entered on May 20, 2019 pursuant to Fed.R.Civ.P. 58 notes a judgment entered against "Besh Holding Corporation, *et al*. in the amount of $1,961,083.00". (emphasis added).

8.     In the case at bar, the May 20, 2019 Judgment Order did not dispose of Grenville's unjust enrichment claim in Count V against defendants BESH Realty and Burt Collection. The May 20, 2019 Judgment Order did not dispose of Defendants' four-count counterclaim. Lastly, the May 20, 2019 Judgment Order did not dispose of claims against named defendant Paul J. Burt, individually. Although the court's May 20, 2019 FFCL notes in a footnote that that Grenville "voluntarily dismissed all counts against Paul J. Burt", no such order was entered by the court.

9.     Here, Grenville initiated supplemental proceedings in the absence of any Rule 54(b) finding which would have rendered the judgment final and appealable. Under Illinois law, supplemental proceedings are not available to creditors until a final judgment has been entered.  *Dexia Credit Local v. Rogan*, 629 F.3d 612, 620-21 (7th Cir. 2010)(citing *Marble Emporium, Inc. v. Vuksanovic*, 339 Ill.App.3d 84 (2003); *BKCAP, LLC v. CAPTEC Francise Tr*. 2000-1, 572 F.3d 353, 357 (7th Cir. 2009)(an order that disposes of only one claim in a multi-count complaint is typically non-final and therefore non-appealable; Ill.Sup.Ct.R. 277(a); 735 ILCS 5/2-1402(a).

Therefore, any and all supplementary proceedings initiated by Grenville are void and supplementary proceedings, including citations to discover assets, should be quashed.

II.   **Grenville's Failure to Comply with the Statutory Requirements of Section 2-1402 Renders the Citations to Discover Assets Invalid and Without Effect.**

A.   **Citations Contain No Seal of the Clerk.**

10.   As stated, Rule 69 of the Federal Rules of Civil Procedure provides in pertinent part, that supplemental proceedings to enforce a judgment are to be made in accordance with the practice and procedure of the state which the district court resides. Fed.R.Civ.P. 69(a); *International Insurance Company v. Caja Nacional De Ahorro & Seguro*, 2001 WL 1516730,* 3 .

11.   Illinois Supreme Court Rule 277, by way of Section 2-1402 of the Illinois Code of Civil Procedure, provides for "supplemental proceedings" whereby a judgment creditor may examine the judgment debtor of any other person to discover assets or income of the debtor, obtain a deduction order or garnishment, or compel the application of assets or income discovered toward payment of the outstanding judgment. Ill.S.Ct.R. 277(e); 735 ILCS 5/2-1402(a).

12.   Illinois Supreme Court Rule 277 provides, in pertinent part, that a supplementary proceeding is commenced by the service of a citation and the "clerk shall issue a citation upon oral request…".

13.   Failure to have a citation properly "issued" by the clerk of the court is no small matter under Illinois law. That act is required to initiate a proceeding pursuant to 735 ILCS 5/2-1402(a) ("A supplementary proceeding shall be commenced by the service of a citation issued by the clerk."); *Appeal of Swartz*, 18 F.3d 413, 416 (7th Cir. 1994)("The first step in this process is for the court to issue a citation to the debtor or third party…"). *International Insurance Company*, 2001 WL

1516730, at *3(federal court clerk must do something more than file a citation for it to be "issued" and to be an official act of issuance-motion to quash granted).

14.     An Illinois citation to discover assets is considered to be in the nature of a summons. (*Textile Banking Company, Inc. v. Rentschler*, 657 F.2d 844, 851 (7th Cir. 1981). An issued citation contemplates more than mere discovery; it can give a court power over the recipient to compel him to apply certain assets or income toward payment of a judgment. *Id.*, 657 F.2d at 851. While securing the issuance of a citation is a simple step, it is also a condition precedent to initiation of a lawful supplementary proceeding. That first step did not happen here.

15.     Here, Grenville filed the present citations with the Clerk of the United States District Court on September 19, 2019, and the citations are dated and contain the signatures of the Clerk Thomas G. Bruton (printed) and Deputy Clerk  J. Hollimon (signed). However, the citations do not contain the seal of the Clerk's office. (Pl.'s Exs.   ).

16.     In support of its position that the mere filing the citations with the Clerk of the Court and not having the citations "issued" by the Clerk of the Court was improper, the Citation Respondents attach copies of the form for the Citation to Discover Assets used by the Circuit Court of Cook County, Illinois.  The form contains a signature line for the clerk of the court and an area designated for the clerk's seal. (Cit. Resps.' Group Ex. 1).

17.     This court may take judicial notice that "when a citation in accordance with Illinois law is presented to the Clerk's office, the clerk verifies the amount of the judgment, signs the citation, and *places the embossed seal of the court upon the document*; then the original citation is returned to the part for

6

proper service." *International Insurance Company*, 2001 WL 1516730, at *3. (emphasis added).

18.     Section 5/2-1402 does not define the term "issue" and does not specify what constitutes an issuance. However, under federal law "all writs and processes issued from United States courts 'shall be made under seal of the court and signed by the clerk thereof.'" See 28 U.S.C. 1691; *International Insurance Company*, 2001 WL 1516730, at *3.

19.     The Clerk of the Court also "issues" other documents. For example, the Clerk's Office issues a summons pursuant to Federal Rule of Civil Procedure 4. Rule 4(b), entitled "Issuance", and states in pertinent part:

> "the plaintiff may present a summons to the clerk for signature and seal. If the summons is in the proper form, the clerk shall sign, seal and issue it to the plaintiff for service on the defendant."
>
> F.R.Civ.P. 4(b); *International Insurance Company*, 2001 WL 1516730, at *3.

20.     An Illinois citation to discover assets is considered to be in the nature of a summons. (*Textile Banking Company, Inc. v. Rentschler*, 657 F.2d 844, 851 (7th Cir. 1981). A summons "issued not under the seal of the court is without validity, and, thus, the service of the same is without effect." *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill.App.3d 993, 1001 (2ND Dist. 1988).

21.     "The issuance of a citation…complies with the requirements for the issuance of a summons pursuant to federal statute and rule." *International Insurance Company*, 2001 WL 1516730, at *3.

22.     "Furthermore, requiring an indicia that the Clerk's Office did more than merely accept a filing; instead, demonstrating that the Clerk's Office reviewed, signed, and placed the Court's seal on the documents is consistent

with putting forth such document officially. *Id.*, citing Black's Law Dictionary 836 (7th Ed. 1999) defining "issue" as "[t]o put forth officially…[t]o send out or distribute officially."

23.    In the case at bar, Grenville was required to have the Clerk's Office issue the citation to discover assets. "Such issuance included a review of the citation and a signature, date, and court seal, indicating that the citation was correct and 'issued'." *Id.* Therefore, plaintiff's citations were not properly "issued or served, and defendants' Motion to Quash Supplementary Proceedings, including the Citations to Discover Assets, should be granted.

**B.    Citations Fail to Include Warning Language on the Front Page.**

24.    Pursuant to 735 ILCS 5/2-1402(a), all citations issued by the clerk:

> "*shall* have the following language, or language substantially similar thereto, stated *prominently on the front*, in capital letters:
>
> 'IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.'"

25.    In the case at bar, Plaintiffs' citations to discover assets fail to include this warning language "prominently on the front" page of the citations.

26.    Under Illinois case law, while the use of the word "shall" or "must" in statutory provisions is generally regarded as mandatory, the term "shall" can be construed flexibly to mean "may," depending on the legislative intent. *Andrews v. Foxworthy* , 71 Ill.2d 13, 21,(1978); *Grove School v. Department of Public Health*, 160 Ill.App.3d 937, 941 (1987). However, where the word "shall" is used in connection with any right or benefit, and the right or benefit depends upon giving a mandatory meaning to the word, the words cannot be given a

8

permissive meaning. *Id.* The *Andrews* court held that the publication and notice provisions of the Illinois Revenue Act were designed *for the benefit as well as protection* of the taxpayers, and it was not adopted merely for the guidance of public officials. Thus, the publication requirements were enacted to afford the taxpayers information as well as the opportunity to evaluate the reasonableness of their assessments. *Id.,* at 22.

27. Likewise, the mandatory language and requirements set forth in section 2-1402, including the clerk's seal and prominent placement of the "warning language" on the front page of the citation, is for the benefit as well as protection of the citation respondent.

WHEREFORE, for the reasons set forth above, the supplementary proceedings at bar, including the citations to discover assets, should be quashed and terminated.

Dated May 22, 2020                    Respectfully submitted,

                                      /s/Rod Radjenovich
                                      Counsel for Citation Respondents

                                      Jeffrey Strange & Associates
                                      717 Ridge Road
                                      Wilmette, IL 60201
                                      847-256-7377
                                      jstrangelaw@aol.com

# GROUP
# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GRENVILLE STRATEGIC ROYALTY
CORPORATION,

                      Plaintiff,

vs.

BESH HOLDING CORPORATION;
WESTLAKE FINANCIAL GROUP, INC.;
SAVEUP, INC.; PAUL J. BURT; BESH
REALTY PARTNERS, LLC; and THE BURT
COLLECTION, LLC;

                      Defendants.

Case No. 1:17-cv-00810

The Hon. Marvin E. Aspen

## CITATION TO DISCOVER ASSETS TO
## WESTLAKE FINANCIAL GROUP, INC.

To:
WESTLAKE FINANCIAL GROUP, INC.
    c/o Paul J. Burt, Registered Agent
    2345 Waukegan Rd, Suite 140
    Bannockburn, IL 60015

YOU ARE HEREBY REQUIRED to present a duly authorized representative of BESH HOLDING CORPORATION to appear before the honorable Judge Marvin E. Aspen or any judge sitting in his stead in Courtroom 2568 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, 60604, on October 23, 2019, at 10:30 a.m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment.

A judgment in favor of GRENVILLE STRATEGIC ROYALTY CORPORATION and against BESH HOLDING CORPORATION and WESTLAKE FINANCIAL GROUP, INC. was entered on May 20, 2019 in the amount of $1,961,083.00 plus post-judgment interest, the full amount of which remains unsatisfied.

YOU ARE COMMANDED to produce at the examination all books, papers, or records in your possession or control which may contain information concerning the property, income, and assets of, or indebtedness due to BESH HOLDING CORPORATION AND WESTLAKE FINANCIAL GROUP, INC. including the documents described on the attached RIDER TO CITATION TO DISCOVER ASSETS TO WESTLAKE FINANCIAL GROUP, INC.

If you have any questions regarding this matter, please contact attorney Paul J. Ripp at 312 443-3205 or via email at pjr@willmont.com.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to any of the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtors, and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtors, until further order of court or termination of the proceedings. You are not required to withhold payment of any money beyond double the amount of the judgment.

**WARNING:** IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

**THOMAS G. BRUTON**

**CLERK**

**BY: DEPUTY CLERK**

**SEP 1 9 2019**

**DATE**

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GRENVILLE STRATEGIC ROYALTY
CORPORATION,

                       Plaintiff,

vs.

BESH HOLDING CORPORATION;
WESTLAKE FINANCIAL GROUP, INC.;
SAVEUP, INC.; PAUL J. BURT; BESH
REALTY PARTNERS, LLC; and THE BURT
COLLECTION, LLC;

                    Defendants.

Case No. 1:17-cv-00810

The Hon. Marvin E. Aspen

## CITATION TO DISCOVER ASSETS TO
## PAUL BURT

**To:**
Paul J. Burt, Individually
2345 Waukegan Rd, Suite 140
Bannockburn, IL 60015

YOU ARE HEREBY REQUIRED to appear before the honorable Judge Marvin E. Aspen or any judge sitting in his stead in Courtroom 2568 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, 60604, on October 23, 2019 at 10:30 a.m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment.

A judgment in favor of GRENVILLE STRATEGIC ROYALTY CORPORATION and against BESH HOLDING CORPORATION and WESTLAKE FINANCIAL GROUP, INC. was entered on May 20, 2019 in the amount of $1,961,083.00 plus post-judgment interest, the full amount of which remains unsatisfied.

YOU ARE COMMANDED to produce at the examination all books, papers, or records in your possession or control which may contain information concerning the property, income, and assets of, or indebtedness due to BESH HOLDING CORPORATION AND WESTLAKE FINANCIAL GROUP, INC. including the documents described on the attached RIDER TO CITATION TO DISCOVER ASSETS TO PAUL BURT.

If you have any questions regarding this matter, please contact attorney Paul J. Ripp at 312 443-3205 or via email at pjr@willmont.com.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to any of the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtors, and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtors, until further order of court or termination of the proceedings. You are not required to withhold payment of any money beyond double the amount of the judgment.

**WARNING:** IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

**THOMAS G. BRUTON**

**CLERK**

**BY: DEPUTY CLERK**

**SEP 1 9 2019**

**DATE**

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GRENVILLE STRATEGIC ROYALTY
CORPORATION,

                     Plaintiff,

vs.

BESH HOLDING CORPORATION;
WESTLAKE FINANCIAL GROUP, INC.;
SAVEUP, INC.; PAUL J. BURT; BESH
REALTY PARTNERS, LLC; and THE BURT
COLLECTION, LLC;

                 Defendants.

Case No. 1:17-cv-00810

The Hon. Marvin E. Aspen

## CITATION TO DISCOVER ASSETS TO
## WL BENEFITS LLC

**To:**
WL BENEFITS LLC
   c/o Paul J. Burt,
   2345 Waukegan Rd, Suite 140
   Bannockburn, IL 60015

YOU ARE HEREBY REQUIRED to present a duly authorized representative of WL BENEFITS LLC to appear before the honorable Judge Marvin E. Aspen or any judge sitting in his stead in Courtroom 2568 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, 60604, on October 23, 2019, at 10:30 a.m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment.

A judgment in favor of GRENVILLE STRATEGIC ROYALTY CORPORATION and against BESH HOLDING CORPORATION and WESTLAKE FINANCIAL GROUP, INC. was entered on May 20, 2019 in the amount of $1,961,083.00 plus post-judgment interest, the full amount of which remains unsatisfied.

YOU ARE COMMANDED to produce at the examination all books, papers, or records in your possession or control which may contain information concerning the property, income, and assets of, or indebtedness due to BESH HOLDING CORPORATION AND WESTLAKE FINANCIAL GROUP, INC. including the documents described on the attached RIDER TO CITATION TO DISCOVER ASSETS TO WL BENEFITS LLC.

If you have any questions regarding this matter, please contact attorney Paul J. Ripp at 312 443-3205 or via email at pjr@willmont.com.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to any of the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtors, and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtors, until further order of court or termination of the proceedings. You are not required to withhold payment of any money beyond double the amount of the judgment.

**WARNING:** IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

THOMAS G. BRUTON

**CLERK**

**BY: DEPUTY CLERK**

SEP 1 9 2019

**DATE**

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Citation Respondents' Motion to Quash was served upon:

Paul J. Ripp,
WILLIAMS MONTGOMERY & JOHN
233 South Wacker Drive—Suite 6800
Chicago, IL 60606-6359
pjr@willmont.com

by electronic mail on the 22nd of May 2020.

/s/Rod Radjenovich
Rod Radjenovich
ARDC #6208190
Jeffrey Strange and
Associates
717 Ridge Road
Wilmette, Illinois 60091
(847) 256-7377
jstrangelaw@aol.com

10